UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT KELLY CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:13-cr-00196-NT |
| | ) | 2:15-cv-00186-NT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON GOVERNMENT'S MOTION FOR ORDER
AUTHORIZING DISCLOSURE OF CONFIDENTIAL COMMUNICATIONS**

In this action, Petitioner has moved, pursuant section 2255, to vacate, set aside or correct his sentence.  (Motion, ECF No. 57.)  The matter is before the Court on two substantively identical discovery motions filed by the Government in this 28 U.S.C. § 2255 case: a motion for a Court order authorizing disclosure of confidential communications, and a renewed motion containing the same request.  (Motion, ECF No. 60; Renewed Motion, ECF No. 65.)  Petitioner Robert Kelly Carter has not filed a response to either motion.

In December 2013, the Court accepted Petitioner's guilty plea to a charge of possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), subject to the penalty provisions of 18 U.S.C. § 924(e)(1).  (Minute Entry, ECF No. 25; Judgment, ECF No. 42 at 1.) Petitioner was sentenced in May 2014 to a term of 120 months in prison, followed by three years of supervised release.  (Judgment at 2-3.)  Petitioner did not appeal from the judgment.

In his section 2255 motion, Petitioner alleges the following claims of ineffective assistance of counsel: (1) failure to appeal from the judgment (Motion, ECF No. 57 at 4); (2) failure to investigate adequately a prior conviction and failure to argue that the prior conviction should not

be the basis for an enhanced sentence (*id.* at 5); (3) failure to move to suppress (*id.* at 8); (4) failure to investigate sufficiently and present mitigating factors at sentencing (*id.* at 6); and (5) failure to challenge the imposition effectively of a special condition regarding supervision (*id.* at 8).[1]

This Court ordered the Government to respond to Petitioner's section 2255 motion. (Order to Answer, ECF No. 58.) The Government filed a motion for a court order authorizing the disclosure of certain confidential communications between Petitioner and counsel, and at the same time it filed a motion to extend the time to file its response to Petitioner's section 2255 motion. (Motion for Court Order Authorizing Disclosure of Confidential Communications, ECF No. 60; Motion to Extend, ECF No. 61.) The discovery motion states:

> [T]he Government seeks an order permitting [counsel] voluntarily to disclose to the Government information, documents, correspondence, and records in his possession that relate to [Petitioner's] claim that [counsel] violated [Petitioner's] Sixth Amendment right to the effective assistance of counsel. The Government also requests that [counsel] be permitted voluntarily to confer with Government counsel to review the disclosed information informally.

(Motion, ECF No. 60 at 2.)

Petitioner's response to the Government's discovery motion was due by August 4, 2015. Petitioner did not file a response to the Government's motion. On August 19, 2015, the Government filed a renewed motion with the same substantive request for discovery as requested in the Government's initial motion. (Renewed Motion, ECF No. 65 at 2.) In its renewed motion, the Government additionally "requests that the order enter sufficiently in advance of September 22, 2015," which is the date on which the Government's response to Petitioner's section 2255 motion is due. (Order, ECF No. 64.)

---

[1] Petitioner notes in his section 2255 motion that he has a state court petition pending in Kentucky. (*Id.* at 9.)

Rule 6 of the Rules Governing Section 2255 Proceedings governs discovery in this matter.[2] Rule 6(a) provides that leave of Court is required for discovery in a section 2255 action, and Rule 6(b) places the burden on the party seeking discovery to provide the reasons for the request. In this case, the Government requests the information in order to prepare its response to Petitioner's section 2255 motion. (Renewed Motion at 2.)

"[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). "Section 2255 petitioners alleging ineffective assistance of counsel waive, to a limited extent, attorney-client privilege." *United States v. Stone*, 824 F. Supp. 2d 176, 186 (D. Me. 2011) (citing *United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009)).[3] "This implied waiver rests on the 'fairness principle' that 'prevent[s] a party from using the privilege as both a shield and a sword.'" *Id.* (quoting *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003)). The waiver must be "'no broader than needed to ensure the fairness of the proceedings before it.' In habeas petitions claiming ineffective assistance of counsel, waiver is limited to materials concerning the alleged

---

[2] Rule 6 of the Rules Governing Section 2255 Proceedings states in pertinent part:

> (a) **Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. §3006A.
>
> (b) **Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

[3] In *United States v. Stone*, 824 F. Supp. 2d 176 (D. Me. 2011), the Court held that (1) the Magistrate Judge properly exercised her discretion by ordering a deposition of counsel with the Government and Petitioner's counsel present; (2) the Magistrate Judge's order did not improperly expand the scope of the attorney-client privilege "to apply to a non-testimonial, informal Government interview with counsel;" (3) the Magistrate Judge's decision did not conflict with the Maine Rules of Professional Conduct, in part because the dispute was governed by the Section 2255 rules, not Maine's bar rules; (4) the Magistrate Judge properly tailored the discovery order to the facts of the case. *Id.* at 186.

failure to provide the defendant with adequate representation." *Id.* (quoting *Bittaker*, 331 F.3d at 720).[4]

When a court authorizes the disclosure of privileged information, the court has an obligation to ensure that the Government does not disclose the information or materials except to the extent necessary to respond to a petitioner's motion. *Bittaker*, 331 F.3d at 727. In *Bittaker*, the Ninth Circuit noted that "the narrow waiver rule . . . is not self-enforcing." *Id.* The Court explained:

> [U]nlike the usual situation where those given access to confidential materials have an independent ethical, and perhaps legal, obligation to maintain that confidence (such as the ethical constraints on lawyers, doctors and the clergy), those who are given access to confidential attorney-client materials under our limited waiver rule have no such obligation or incentive. Given this absence of external constraints (external to the case), district courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege.

*Id.* at 727-28.[5]

Rule 6(b) requires the party seeking discovery to "include any proposed interrogatories and requests for admission, and . . . specify any requested documents." In this case, the Government asks the Court to authorize former defense counsel to produce certain documents and to confer with the Government. The Court is convinced that the Government's requests are reasonable and

---

[4] Although the Court in *Stone* stated that the decision was limited to the facts of the case and should not be construed to establish a new precedent in this District (*id.* at 189), the Court's reasoning and approach are sound. That is, while a habeas petitioner alleging ineffective assistance of counsel necessarily waives the attorney-client privilege, the waiver is limited to the information that is relevant to the Sixth Amendment claim and the Court should authorize the Government to obtain the information through the least intrusive means available.

[5] *Bittaker* concerned a petition filed under 28 U.S.C. § 2254, and thus the respondent in that case was the state. Nonetheless, the same principle applies to section 2255 actions, in that the Government in a section 2255 action may use privileged information only for purposes of defending against the claims of ineffective assistance of counsel. *See United States v. Pinson*, 584 F.3d 972, 987-79 (10th Cir. 2009).

can be executed in a way that respects the limited waiver of the attorney-client privilege that is a consequence of Petitioner's ineffective assistance claim. Accordingly, the Court grants the Government's motions for discovery (ECF Nos. 60, 65), and orders:

1. Petitioner's former defense counsel shall produce all documents in counsel's possession that relate to Petitioner's ineffective assistance claims as alleged in the section 2255 motion. The Government shall prepare and maintain a log of the documents that it receives from defense counsel.

2. Petitioner's former defense counsel is authorized to confer with counsel for the Government regarding counsel's representation of Petitioner, provided that the communications are limited to information that is relevant to Petitioner's ineffective assistance claims as alleged in the section 2255 motion.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72 and Fed.R.Crim.P. 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of August, 2015.