UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT KELLY CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:13-cr-00196-NT |
| | ) | 2:15-cv-00186-NT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON RULE 60(b) MOTION

In this action, Petitioner Robert Kelly Carter has filed a motion pursuant to Fed. R. Civ. P. 60(b). (Motion, ECF No. 96.) In the motion, Petitioner seeks relief from final judgment on his motion for relief under 28 U.S.C. § 2255. (*Id.* at 1; Orders, ECF Nos. 87, 94.) Petitioner alleges habeas counsel failed to comply with Petitioner's request to file a notice of appeal from the section 2255 judgment; he asks the Court to re-enter the section 2255 judgment so that he can pursue an appeal. (Motion, ECF No. 96 at 1-2.)

Following a review of Petitioner's Rule 60(b) motion, the Government's response, and the record, I recommend the Court dismiss the motion as an unauthorized second or successive motion under 28 U.S.C. §§ 2244, 2255(h).

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2014, following a guilty plea, Petitioner was convicted of possession of firearms by a convicted felon; the Court sentenced Petitioner to 120 months in prison, followed by

three years of supervised release. (Judgment, ECF No. 42 at 1-3.) Petitioner did not appeal from the judgment.[1]

In Petitioner's section 2255 motion, he alleged ineffective assistance of trial counsel based on several grounds.[2] (Motion, ECF No. 57 at 4-8.) Petitioner filed the section 2255 motion pro se in May 2015; in March 2016, Petitioner's retained counsel was admitted *pro hac vice*. (Motion at 12; Certification, ECF No. 76.)

The Court addressed Petitioner's section 2255 claims in two orders (Orders, ECF Nos. 87, 94.) In March 2017, the Court denied all claims except the claim concerning the notice of appeal, and it denied a certificate of appealability as to the claims the Court denied. (Recommended Decision, ECF No. 80; Order, ECF No. 87.)[3] The Court allowed Petitioner an additional 45 days to "to submit admissible evidence that the Petitioner believes corroborates his communications with his counsel regarding the notice of appeal." (Order, ECF No. 87 at 2.)

---

[1] A more detailed version of the factual background and procedural history of the conviction and sentencing is set forth in the recommended decision on Petitioner's section 2255 motion. (Recommended Decision, ECF No. 80.)

[2] Petitioner alleged failure to move to suppress evidence, failure to appeal, failure to investigate and challenge a prior conviction at sentencing, failure to investigate bases for mitigation, and failure to challenge a special condition of supervised release; the Court disposed of all claims on the merits. (Recommended Decision, ECF No. 80; Orders, ECF Nos. 87, 94.)

[3] *See* 28 U.S.C. § 2253(c)(2) (requiring the petitioner to make "a substantial showing of the denial of a constitutional right" before either a circuit justice or judge issues a certificate of appealability); Rule 11 of the Rules Governing Section 2255 Cases (requiring the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and providing that "[if] the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22").

In July 2017, the Court noted it had provided Petitioner the extensions of time Petitioner requested, and it accepted Petitioner's late filing; the Court concluded Petitioner had provided "no additional evidence to corroborate his claim that he asked his counsel to file a notice of appeal." (Order, ECF No. 94 at 1-2.) The Court denied the claim, and it denied a certificate of appealability. (*Id.* at 2-3.)

Petitioner filed his Rule 60(b) motion in November 2018. (Motion, ECF No. 96.) In the motion, Petitioner alleges counsel caused Petitioner to fail to appeal from the denial of his section 2255 motion, because counsel abandoned him; Petitioner asks the Court to re-enter the section 2255 judgment so that Petitioner can pursue an appeal. (*Id.* at 2.)

The Government argues Petitioner's motion is in substance an unauthorized second or successive petition subject to the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h). (Response, ECF No. 97 at 3-5.) The Government also argues that if Petitioner's motion is construed as a Rule 60(b) motion, it is untimely, and the facts do not support relief under Rule 60(b). (*Id.* at 6-10.)

## II. DISCUSSION

Under the Supreme Court's analysis in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), Petitioner's motion is not, in substance, a Rule 60(b) motion.[4] Rather, it is a second or

---

[4] Although *Gonzalez v. Crosby*, 545 U.S. 524 (2005), concerned a state prisoner's habeas petition under 28 U.S.C. § 2254, and the Supreme Court noted that its consideration was limited to section 2254 cases, 545 U.S. at 529 n.3, the statute section at issue in *Gonzalez*, 28 U.S.C. § 2244, also applies to federal prisoners' habeas petitions, pursuant to 28 U.S.C. § 2255(h). In a case that preceded *Gonzalez*, the First Circuit held that the same reasoning that enables a court to distinguish between a Rule 60(b) motion and a second or successive section 2254 petition also applies to cases under 28 U.S.C. § 2255. *See Munoz v. United States*, 331 F.3d 151, 152 (1st Cir. 2003) (per curiam), *cited with approval in United States v. Sevilla-Oyola*, 770 F.3d 1, 12 (1st Cir. 2014); *see also Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) (applying *Gonzalez* to a motion that was filed as a Rule 60(b) motion but that the Court concluded was in substance a successive section 2255 motion).

3

successive section 2255 petition, and therefore it is subject to the gatekeeping provisions of sections 2244 and 2255(h).

In *Gonzalez*, the Court reasoned that the Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that they are not inconsistent with any statutory provisions" or the rules that govern habeas proceedings. 545 U.S. at 529 (applying former Rule 11 (now Rule 12) of the Rules Governing Section 2254 cases).[5] Because "§ 2244(b) applies only where the court acts pursuant to a prisoner's 'application' for a writ of habeas corpus," the court "must decide whether a Rule 60(b) motion filed by a habeas petitioner is a 'habeas corpus application' as the statute uses that term." *Id.* at 530 (quotation marks omitted). The Court noted that, "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" 545 U.S. at 530.

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532 (footnote omitted) (emphasis in original).

---

[5] Rule 12 of the Rules Governing Section 2255 Cases provides: "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

4

The Supreme Court determined, however, that "an attack based on the movant's own conduct, *or his habeas counsel's omissions*, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 & n.5 (emphasis added) (citation omitted). "[A] Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." 545 U.S. at 534. (emphasis in original). The Supreme Court concluded the petitioner's motion, "which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d)," did not present a second or successive claim, because "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside" the conviction. *Id.* at 533.[6]

In contrast to the Rule 60(b) motion in *Gonzalez*, Petitioner's motion is based on an alleged omission by habeas counsel, and Petitioner, by seeking to appeal from the section 2255 judgment, requests another review on the merits. Therefore, under the reasoning of *Gonzalez*, Petitioner's motion does not challenge the integrity of the

---

[6] The Fourth Circuit has determined a Rule 60(b) motion may be considered "mixed" if it contains claims cognizable under Rule 60(b) and claims that are subject to the requirements of a second or successive motion. *United States v. McRae*, 793 F.3d 392, 394 (4th Cir. 2015). "This Court has made clear that '[w]hen [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application.'" *Id.* at 400 (quoting *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003)).

Because Petitioner's Rule 60(b) motion seeks a procedural path to appeal from the Court's section 2255 judgment, and because the Court's section 2255 rulings were all on the merits, Petitioner's motion would not be considered a mixed Rule 60(b) and second or successive section 2255 motion under the analysis in *McRae*; rather, Petitioner's motion is, in substance, entirely a second or successive section 2255 motion. *See Gonzalez*, 545 U.S. at 534; *McRae*, 793 F.3d at 394.

5

proceedings. *See Gonzalez*, 545 U.S. at 532 n.5. Instead, Petitioner asserts a claim of ineffective assistance of habeas counsel. In other words, Petitioner's claim is "an attack based on … his habeas counsel's omissions," which as the Supreme Court observed in *Gonzalez*, is in effect a request "for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 & n.5. Petitioner's motion, although filed as a Rule 60(b) motion, is, therefore, in substance a second or successive section 2255 motion that is subject to the gatekeeping requirements of 28 U.S.C. §§ 2244, 2255(h).[7] *See Curry v. United States*, 507 F.3d 603, 605 (7th Cir. 2007) (vacating the district court's denial of the petitioner's Rule 60(b) motion "with instructions to dismiss the motion for want of

---

[7] Petitioner relies on two Supreme Court cases, *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), neither of which applies to Petitioner's case. *See Trevino*, 569 U.S. at 423 (concluding that, in states where a claim of ineffective assistance of trial counsel must be raised, if at all, in an initial-review collateral proceeding, a federal habeas court may find cause to excuse a procedural default based on a failure, due to ineffective assistance of counsel on initial collateral review, to pursue a substantial claim of ineffective assistance of trial counsel) (citing *Martinez*, 566 U.S. at 13-18).

Petitioner's reliance on *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), is also not persuasive. In *Ramirez*, the Seventh Circuit noted "postconviction counsel let Ramirez down in three ways: he did not inform Ramirez of the court's [section 2255] decision; he failed to file any postjudgment motions; and he failed to file a notice of appeal" from the section 2255 judgment. 799 F.3d at 849. The Court concluded the argument was cognizable under Rule 60(b), rather than under 28 U.S.C. §§ 2244, 2255(h). *Id.* at 847-48, 850. "Ramirez is not trying to present a new reason why he should be relieved of either his conviction or his sentence, as provided in 28 U.S.C. § 2255(a). He is instead trying to reopen his existing section 2255 proceeding and overcome a procedural barrier to its adjudication." *Id.* at 850. First, unlike the petitioner in *Ramirez*, Petitioner concedes he was timely informed of the Court's section 2255 decision, and he alleges he asked counsel to file an appeal. (Declaration, ECF No. 96-1 at 1.) The court in *Ramirez* noted, "[n]o one—not a court, not his lawyer−informed him about an alternative path to relief after his postconviction lawyer abandoned him and left him with only a jurisdictionally-out-of-time appeal." *Ramirez*, 799 F.3d at 851. The failure of the court in *Ramirez* to inform the petitioner of his right to appeal could not be the basis of an ineffective assistance claim, and it arguably implicates the integrity of the process. Thus, under *Gonzalez*, a court's failure to inform a petitioner, depending on the circumstances, arguably could be a permissible basis for a Rule 60(b) motion. Here, however, the record establishes that Petitioner was aware of his right to appeal, and thus the same integrity argument is not available. Furthermore, the First Circuit has not addressed the issue, and there is no evidence the First Circuit would interpret *Gonzalez* to permit a Rule 60(b) motion even under the circumstances presented in *Ramirez*.

jurisdiction," and noting "[t]he district court denied the Rule 60(b) motion without the prisoner's having gotten our permission to file a successive section 2255 motion, even though it is apparent that he had mislabeled his motion and that it was really a section 2255 motion because it challenges his conviction and asks that he be released from custody and even though it is a successive such motion"); *In re Bedolla-Izazaga*, No. 10-3094, 2010 WL 9474431, at *1, 2010 U.S. App. Lexis 27439, at *3 (10th Cir. June 17, 2010) (unpublished) (concluding that under *Gonzalez*, 545 U.S. at 531-32, the petitioner's "proposed claims are clearly merits-based challenges to the validity of his convictions and sentence," and "[t]hus, the district court did not err in concluding that his proposed claims constituted successive habeas claims which require authorization under § 2255(h)").[8]

---

[8] Even if the Court were to conclude *Gonzalez* does not preclude Petitioner's Fed. R. Civ. P. 60(b)(6) motion, Petitioner would not be entitled to Rule 60(b) relief. The First Circuit has noted the factors to be considered:

> To balance the "competing policies" of finality of judgments and resolving litigation on the merits, courts considering motions under Rule 60(b)(6) ordinarily examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim or defense, which, if proven, could bring her success at trial, and (4) the likelihood of unfair prejudice to the opposing party. However, "[t]his compendium is neither exclusive nor rigidly applied. Rather, the listed factors are incorporated into a holistic appraisal of the circumstances." *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 83–84 (1st Cir. 2010) (internal citation omitted). "[T]here is no ironclad rule requiring an in-depth, multi-factored analysis in every case. Sometimes one factor predominates to such an extent that it inexorably dictates the result." *Id.* at 86.

*Bouret-Echevarría v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 43 (1st Cir. 2015) (citation omitted).

Leaving aside whether Petitioner could demonstrate he filed the Rule 60(b) motion "within a reasonable time," under Rule 60(c), Petitioner's motion fails to demonstrate either extraordinary circumstances or a meritorious section 2255 claim. Because the Court considered and denied Petitioner's section 2255 claims on the merits, and because the Court denied a certificate of appealability, Petitioner cannot demonstrate that counsel's failure to file a notice of appeal, or to seek a certificate of appealability from the First Circuit, constituted extraordinary circumstances. *See Buck v. Davis*, --- U.S. ---, 137 S. Ct. 759, 778 (2017) ("In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized the Court to consider it. Title 28 U.S.C. § 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). A review of the record reveals no evidence that Petitioner has applied to the First Circuit for permission and obtained permission to file the pending second or successive motion. *See* 28 U.S.C. §§ 2244, 2255.

Because the record lacks any evidence that the First Circuit has authorized Petitioner to proceed on the pending motion, the Court is without jurisdiction to consider the merits of the motion. First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant

---

parties' and 'the risk of undermining the public's confidence in the judicial process.'" (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)). Petitioner has demonstrated neither an injustice to him, nor a risk to public confidence in the judicial process, under the circumstances of his case. *See id.* Petitioner has also not demonstrated that the Court's assessment of his section 2255 claim is flawed; he, therefore, has not demonstrated that he would have a potentially meritorious claim if the Court were to grant Rule 60(b) relief and permit him to seek a certificate of appealability.

28 U.S.C. § 1631 or dismiss the petition."[9] The interests of justice do not support transfer to the First Circuit.

## III. CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Petitioner's Rule 60(b) motion (ECF No. 96.) I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

---

[9] Title 28 U.S.C. § 1631 states in relevant part:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

First Circuit Rule 22.1(e) states in relevant part:

If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 19th day of February, 2019.